UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG SHEEHAN,

Plaintiff,

v.

STAR INSURANCE COMPANY, ET AL.,

Defendants.

______________________________/

Case No. 15-12601

SENIOR UNITED STATES DISTRICT JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE ANTHONY P. PATTI

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [9] AND DENYING AS MOOT THE PARTIES' STIPULATED MOTION TO EXTEND SCHEDULING ORDER [16]**

Plaintiff filed his Complaint [Dkt. #1] on July 23, 2015, raising only a claim for false imprisonment under Michigan law.[1] Plaintiff's claim is premised on a letter sent to him by Defendants, requesting that he appear for an independent medical examination (IME) by a psychologist and stating that his failure to appear "may result in the loss of [his workers'] compensation benefits." Plaintiff argues that the reference to loss of benefits constituted financial coercion, rendering his

[1] Though Plaintiff's complaint includes a count alleging that Defendants defrauded him of workers' compensation benefits in violation of the Racketeer Influenced and Corrupt Organizations (RICO) Act, his complaint also acknowledges that binding Sixth Circuit authority forecloses such a claim. *See Jackson v. Sedgwick Claims Mgmt. Servs.*, 731 F.3d 556, 566 (6th Cir. 2013) (en banc).

appearance for the IME a form of restraint or confinement. He further argues that this restraint or confinement was unlawful because the psychologist conducting the IME was not a physician or surgeon licensed to practice medicine in Michigan.

On October 10, 2015, Defendants filed the instant Motion to Dismiss [9]. On October 22, 2015, Plaintiff filed a Response [10], to which Defendants filed a Reply [11] on November 9, 2015. In their Reply, Defendants relied on an opinion issued by the Honorable Linda V. Parker only six days earlier: *Prieur v. Acuity*, — F. Supp. 3d —, 2015 WL 6689853 (E.D. Mich. Nov. 3, 2015). The plaintiff in *Prieur* submitted to two IMEs by a psychologist after receiving a letter advising him that failure to appear "could substantially affect [his] right to workers' compensation benefits." *Id.* at *2. Judge Parker dismissed the plaintiff's false imprisonment claim for failure to state a claim on which relief could be granted. *Id.* at *4–*5.

The Court held a conference on December 21, 2015. In light of Defendants' reliance on a decision issued after Plaintiff submitted his response brief, the Court granted Plaintiff permission to file a supplemental response. On January 13, 2016, Plaintiff filed his Supplemental Response [14], to which Defendants filed a Supplemental Reply [15] on January 22, 2016. On February 3, 2016, the parties filed a Stipulated Motion to Adjourn Scheduling Order [16]. The Court finds

Defendants' Motion to Dismiss [9] suitable for determination without a hearing in accord with Local Rule 7.1(f)(2).

The Court concludes, for the reasons set forth by Judge Parker in *Prieur*, that Plaintiff's false imprisonment claim must be dismissed for failure to state a claim on which relief may be granted. The factual basis for Plaintiff's claim and the legal theory he advances are substantively identical to the facts and theory underlying the plaintiff's claim in *Prieur*. Indeed, Plaintiff identifies only one supposedly relevant factual distinction: the plaintiff in *Prieur* left his first IME before it was complete. However, Judge Parker noted that fact only in passing, to underscore the absence of restraint on the plaintiff's freedom of locomotion. *See id.* at *4. Plaintiff does not allege that he could not have left his IME prior to its completion, if he had so chosen.

The Court will not gild the lily by attempting to supplement Judge Parker's reasons for dismissing a claim like Plaintiff's; a brief summary of those reasons will suffice. First, Defendants neither seized anything of value from Plaintiff nor advised him that failure to appear for the IME *would* result in loss of benefits. *Id.* at *4. Second, Plaintiff's voluntary compliance with a request to appear for an IME did not constitute the restraint on personal liberty or freedom of locomotion required to sustain a false imprisonment claim. *Id.* Third, it does not appear that any Michigan court has yet recognized a false imprisonment claim of this nature.

*Id.* at *5. Finally, it is unlikely that Michigan courts will recognize such a claim, since doing so would subject an insurance carrier to liability "anytime it requests verification of claim by requiring the claimant to undergo examination by someone other than a physician or surgeon licensed to practice medicine under the law of the state—whether it be a physical or mental examination or an examination under oath or deposition." *Id.*

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss [9] is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties' Stipulated Motion to Adjourn Scheduling Order [16] is **DENIED** as moot.

**SO ORDERED**.

s/Arthur J. Tarnow

Arthur J. Tarnow
Senior United States District Judge

Dated: May 6, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 6, 2016.

s/Deborah Tofil
Deborah Tofil
Case Manager (313)234-5122